(26 App. Div. 606.)

GERDAU v. FABER.

(Supreme Court, Appellate Division, First Department. March 11, 1898.)

1. PLEADING—AMENDMENT.
    In an action brought to enforce a liability for the indebtedness of a corporation against the defendant as a director, because of the failure of the corporation to file an annual report, a motion was made for leave to serve an amended answer setting up the statute of limitations. *Held*, that the motion should be granted, and that any question as to the merits of the defense should be raised at the trial, so that either party might take an exception, and be able to review the action of the court upon appeal.

2. SAME—LACHES.
    The case had been at issue for some time before the motion was made, and it was opposed on the ground of laches. It appeared that there had been an attempt upon the part of the board of directors to comply with the statute, and that defendant's liability, if any, arose from want of compliance with its formal requirements. *Held* that, as the action was penal in its nature, the defendant, if he had any defense, should be allowed to introduce it.

Appeal from special term, New York county.

Action by Otto Gerdau against Eberhard Faber. From an order denying defendant's motion for leave to serve amended answer, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Francis Forbes, for appellant.
Marshall B. Clarke, for respondent.

VAN BRUNT, P. J. This action was brought to enforce a liability for the indebtedness of a corporation against the defendant as director because of the failure of the corporation to file an annual report. The case was at issue for some time, and a motion was made for leave to serve an amended answer setting up the statute of limitations. This

motion was resisted upon the ground of laches, and also because such statute would be no defense. Upon this appeal we do not think we should pass upon the question of the merits of the defense. Whatever question there may be in that respect should be raised upon the trial, so that either party may take an exception, and be able to review the action of the court upon appeal. As to the question of laches, it does not seem to us that the motion should have been denied upon that ground. There had been an attempt upon the part of the board of directors to comply with the statute. The defendant's liability, if any, arises because of a want of compliance with the formal requirements of the statute, and, although the defendant may not have made his motion at the earliest opportunity, still, the action being penal in its nature, if he has any defense, he ought to be allowed to introduce it.

The order appealed from should be reversed, with costs, and the motion granted, upon payment by the defendant of the costs of the action up to the time of the making of the motion, and upon his stipulating to allow the plaintiff to discontinue the action without costs, in case he should be so advised. All concur.